UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY ECKERT,

                Plaintiff,

v.                                 **DECISION AND ORDER**

UNITED AUTOMOBILE WORKERS,           04-CV-538S
LOCAL UNION 897, et al.

                Defendants.

## I. INTRODUCTION

In this action, Plaintiff Timothy Eckert ("Plaintiff" or "Eckert") alleges that Defendants acted in concert to interfere with his rights under the Family Medical Leave Act ("FMLA"), the National Labor Relations Act ("NLRA"), the New York State Employment Relations Act, the Labor-Management Reporting and Disclosure Act ("LMRDA"), New York State Public Policy, his Collective Bargaining Agreement ("CBA"), the Americans with Disabilities Act ("ADA"), and the New York Human Rights Law ("HRL"), "among others" (Docket No. 4, ¶¶19, 29, 31) by, among other things, failing to designate his time off as FMLA leave and terminating him prior to his medical release to return to work. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a).

Presently before this Court are Plaintiff's "Motion for Expedited Hearing, Motion for Summary Judgment, Motion for Temporary Restraining Order" (Docket No. 55); Motion for Declaratory Judgment (Docket No. 58); and "Notice of Expedited Hearing for Motions for (1) Summary Judgment LMRA, NLRA against Ford Motor, Local Union 897, International

1

UAW (2) Add Parties as Defendants" (Docket No. 60).

## II. PROCEDURAL BACKGROUND

Plaintiff commenced this action on July 22, 2004, by filing a Complaint with the Clerk for the United States District Court, Western District of New York. The following day, he filed an Amended Complaint.

Plaintiff moved for a temporary restraining order ("TRO") on October 20, 2004, which motion was denied by Order dated November 4, 2004.

Certain of the Defendants answered the Amended Complaint on October 26, 2004, and immediately thereafter, on November 5, 2004, Plaintiff moved for summary judgment on his FMLA claim and for various other forms of relief (Docket No. 13). Plaintiff filed his summary judgment motion prior to the filing of responsive pleadings by all Defendants, the conduct of an initial scheduling conference, or any discovery. After all served Defendants had answered, Plaintiff amended his summary judgment motion and filed additional motions for other forms of relief (Docket Nos. 16, 35 and 51). All of the foregoing motions, which included two additional motions for a TRO, were resolved by this Court's Decision and Order entered on September 1, 2005 (Docket No. 52).

A mere five days after entry of the Decision and Order and one day before the Court had an opportunity to issue an Order scheduling a preliminary pretrial conference, Plaintiff filed yet another motion for a TRO (the fourth TRO motion) and a second motion for summary judgment on his FMLA claim (the second summary judgment motion)[1] (Docket

---

[1] There is no doubt that Plaintiff received the September 1, 2005 Decision and Order prior to filing his most recent round of motions. His memorandum in support of the second summary judgment motion makes specific reference to the Court's September 1 Decision.

No. 55). Three weeks later, Plaintiff again moved for relief, this time seeking a declaratory judgment (Docket No. 58). One and one-half weeks thereafter, Plaintiff moved for summary judgment (the third summary judgment motion) with regard to his purported claims under the LMRA and NLRA (Docket No. 60).

There has not yet been a preliminary conference in this case and no scheduling order has been entered. No briefing schedule was set with regard to Plaintiff's pending motions, which are now dismissed in their entirety, *sua sponte*, for the reasons stated below.

## II. DISCUSSION

### A. Temporary Restraining Order

Plaintiff's fourth motion for a TRO is virtually identical to his third (*see* Docket Nos. 51, ¶¶ 10-11; 55, pp. 7-8) in that both motions request monetary damages in the amount of $482,460 based upon lost wages and benefits. As was previously determined in connection with his first, second and third TRO motions, Plaintiff is not entitled to the extraordinary remedy of a TRO because he can be made whole for his purported injury by a monetary judgment. Plaintiff's fourth TRO motion is denied for the same reason as his three previous TRO motions. As discussed more fully below, further repetitive requests for a TRO will not be countenanced by this Court and may result in the imposition of sanctions.

### B. Summary Judgment

Plaintiff's second and third motions for summary judgment each include a notice of motion, Plaintiff's supporting affirmation, and a memorandum of law. Neither is accompanied by a "separate, short, and concise statement of material facts as to which

3

[Plaintiff] contends there is no genuine issue to be tried" as required by Rule 56.1 of the Local Rules of Civil Procedure for the Western District of New York.

In this Court's September 1, 2005 Decision and Order, Plaintiff was advised that his first summary judgment motion did not meet the requirements of Local Rule 56.1(a) and he was put on notice that failure to comply with Local Rule 56.1 "may constitute grounds for denial of the motion." This Court gave due consideration to Plaintiff's *pro se* status in connection with the procedural deficiency in his first summary judgment motion. However, the same deficiency in his second and third such motions cannot be ignored, particularly where Plaintiff was advised of both the need to comply with the Local Rules in filing future motions and the consequences of a failure to do so. Plaintiff's second and third summary judgment motions are therefore denied for failure to comply with Local Rule 56.1.

This is not the end of the Court's concerns with regard to Plaintiff's enthusiastic motion practice, however. Plaintiff's second summary judgment motion is directed to his FMLA claim against Defendants Ford Motor Company, James Krywalski and Josh Korn (the "Ford Defendants"). His first summary judgment motion, also directed to his FMLA claim, was denied as to these Defendants[2] because, based upon the pre-discovery record presented, a question of fact exists as to Plaintiff's good faith efforts to timely submit his medical certification to Ford. Since then, no discovery has taken place beyond initial disclosures. Although Plaintiff now seeks to present his "facts" in a more comprehensive

---

[2] Plaintiff first motion for summary judgment also sought relief as against Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local Union 897; Charles Gangarossa and Scott Adams (the "UAW Defendants"). The UAW Defendants cross-moved for summary judgment on Plaintiff's FMLA claim. The cross-motion was granted and the FMLA claim dismissed as to the UAW Defendants.

4

manner, his recitation does not resolve the material question of fact previously identified. Alternatively, then, Plaintiff's second motion for summary judgment is denied for the same reason as the first. As discussed more fully below, further repetitive, pre-discovery Rule 56 motions will not be countenanced by this Court and may result in the imposition of sanctions.

**C.    Declaratory Judgment**

Plaintiff's motion for a declaratory judgment is new. Therein, Plaintiff requests a declaration that his FMLA leave is governed by a letter of understanding, dated October 9, 1999, in which Ford states its intent to comply with the provisions of the FMLA. Upon a review of Plaintiff's motion, it appears that what he is actually seeking is a declaration that Ford is a covered employer under the FMLA and therefore must comply with that statute even if certain terms of its collective bargaining agreement are inconsistent with the FMLA's provisions.

In response to Plaintiff's first summary judgment motion, Ford did not dispute that it is an employer subject to the FMLA. As such, it is obligated, as a matter of law, to comply with the statute's provisions. To the extent that Plaintiff seeks a declaration that his statutory rights trump purportedly inconsistent contractual provisions, that entails nothing more than a restatement of settled law. See Courtemanche v. Enlarged City School District, 686 F. Supp. 1025, 1031 (S.D.N.Y. 1988) (contracts are enforced only to the extent that they are not inconsistent with applicable statutory provisions); Irving Trust Co. v. Nationwide Leisure Corp., 95 F.R.D. 51, 53 (S.D.N.Y. 1982) (defendant could not, unilaterally or by contract, limit rights and requirements arising under federal law).

5

Therefore, the Court finds there is no need to grant a declaratory judgment to this effect.

As part of his request for declaratory relief, Plaintiff also seeks an order directing each of the Defendants, including those against whom his FMLA claim has already been dismissed, to "immediately remit $482,000.00 each to the Plaintiff." Such relief is not "declaratory" in nature and Plaintiff's request is denied.

**D.     Addition of Defendants**

Plaintiff already has amended his Complaint once as of right. This is his second motion seeking to amend his Amended Complaint. Plaintiff's first such motion was denied due to his failure to provide any reasons for the amendment or to present the Court with a proposed amended complaint. The Court's prior Decision and Order in this case expressly directed that "any further motion to amend must be accompanied by a proposed amended complaint."

Plaintiff has made no attempt to comply with the Court's directive and presents his unsupported request that the Court "add the Parties identified under Statement of Facts . . . as additional Parties who conspired to interfere with Plaintiff's civil rights and CBA contractual rights" in a memorandum of law. Once again, Plaintiff has given no reason for the amendment, nor has he submitted a proposed amended complaint to the Court. Accordingly, his motion is denied as entirely insufficient to warrant the requested relief. As discussed more fully below, further repetitive, unsupported motions to amend will not be countenanced by this Court and may result in the imposition of sanctions.

### III.  THE POSSIBLE IMPOSITION OF SANCTIONS

In this Court's September 1, 2005 Decision and Order, Plaintiff was advised that his motion for a jury trial was unnecessary, his second and third TRO motions were duplicative of the first, his motion for bifurcation was premature, his motion to amend was inadequate, his discovery motion was premature, his motion for default judgment was unwarranted, his motion for sanctions did not comply with the provisions of Rule 11 of the Federal Rules of Civil Procedure, and his summary judgment motion did not meet the requirements of Rule 56.1 of the Local Rules of Civil Procedure.  Throughout its prior Decision and Order, this Court advised Plaintiff of the requirements and appropriate timing for his various requests for relief.

Despite the Court's admonitions and instructions, and before this case could proceed to discovery, Plaintiff filed a fourth, duplicative motion for a TRO; a second, largely duplicative motion for summary judgment on his FMLA claim; a second, unsupported motion to amend his Amended Complaint; a third motion for summary judgment which does not comply with the Local Rules of Civil Procedure; and a superfluous motion for declaratory judgment that, in addition, requests an inappropriate form of relief.

Plaintiff, who previously sought sanctions against the Defendants under Rule 11 of the Federal Rules of Civil Procedure, should be conversant with that Rule's requirements. However, under the circumstances of this case, they bear repeating.  Rule 11(b) provides in pertinent part that when an unrepresented party presents a pleading, motion or other paper to the Court, that party:

> is certifying that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances, —

>  (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>  (2) the claims, defenses , and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

While this Court in not unmindful of the fact that Plaintiff is anxious to have his case progress and may be somewhat frustrated in dealing with an unfamiliar process, his case will not be "expedited" by his deluge of repetitive and/or frivolous motions on issues already decided, which motions do not comply with the Federal Rules, the Local Rules and this Court's express directives.  In fact, despite this Court's efforts to keep pace, quite the opposite may occur.

As the United States Supreme Court has noted, "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.  The continual processing of . . . frivolous requests . . . does not promote that end."  In re McDonald, 489 U.S. 180, 184 (1989) (petitioner who repeatedly filed unwarranted applications for relief had abused the privilege of proceeding *in forma pauperis* and was required to pay the filing fee in connection with similar, future requests).  *See also*, Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991) (a district court's inherent powers include the ability to fashion an appropriate sanction for conduct which abuses the judicial process).

Plaintiff's status as a *pro se* litigant does not give him "an 'impenetrable shield [from the application of Fed. R. Civl P. 11], for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court

8

dockets.'" DePonceau v. Bush, 04-CV-6240, 2004 U.S. Dist. LEXIS 13819 at *9 (W.D.N.Y. June 4, 2004 (*quoting* Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (*quoting* Farguson v. Mbank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)).  "'The central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts.'"  Jones v. City of Buffalo, 96-CV-739, 1998 U.S. Dist. LEXIS 6070, 1998 WL 214807 at *3 (W.D.N.Y. April 22, 1998) (*quoting* Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990)); *see also* Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 11 ("the purpose of Rule 11 sanctions is to deter rather than to compensate").

Although *pro se* litigants are held to a more lenient standard than professional counsel in applying Rule 11, "courts that have imposed sanctions against [such] litigants frequently have attached importance to the fact that the litigant previously had been placed on notice that he . . . was on the verge of violating Rule 11." Horton v. Transworld Airlines Corp., 169 F.R.D. 11, 16 (1996) (*citing* Fariello v. Campbell, 860 F. Supp. 54, 71 (E.D.N.Y. 1994)).

Plaintiff is hereby notified that he is very close to running afoul of Rule 11 due to his repetitive filings on issues that have already been determined by the Court and his disregard for the Court's directives relative to the requirements and appropriate timing for his various requests for relief.  Should Plaintiff file a further motion for a TRO seeking monetary relief, a further pre-discovery motion for summary judgment on his FMLA claim, or any motion that does not comply with the Court's directives as set forth in its September 1, 2005 Decision and Order and herein, he may be subject to the imposition of sanctions.

Such sanctions may be monetary or non-monetary, as the Court deems appropriate.

## IV. CONCLUSION

For the reasons stated, Plaintiff's "Motion for Expedited Hearing, Motion for Summary Judgment, Motion for Temporary Restraining Order" (Docket No. 55); his Motion for Declaratory Judgment (Docket No. 58); and his "Motions for (1) Summary Judgment LMRA, NLRA against Ford Motor, Local Union 897, International UAW (2) Add Parties as Defendants" (Docket No. 60) are denied in their entirety. Furthermore, Plaintiff is notified that he may be subjected to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in the event that he files additional motions inconsistent with this Decision and Order and the directives set forth in the Decision and Order entered on September 1, 2005.

## ORDERS

IT HEREBY IS ORDERED, that Plaintiff Timothy Eckert's Motion for Expedited Hearing, Motion for Summary Judgment, Motion for Temporary Restraining Order (Docket No. 55) is DENIED; Motion for Declaratory Judgment (Docket No. 58) is DENIED; and Motions for (1) Summary Judgment LMRA, NLRA against Ford Motor, Local Union 897, International UAW (2) Add Parties as Defendants (Docket No. 60) is DENIED.

SO ORDERED.

Dated:     October 18, 2005
           Buffalo, New York

                                                          s// WILLIAM M. SKRETNY
                                                          United States District Judge