UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY ECKERT,

           Plaintiff,

v.                                       **DECISION AND ORDER**

FORD MOTOR COMPANY, et al.,           04-CV-538S

           Defendants.

       1.      On October 30, 2006, the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, issued a Report, Recommendation and Order recommending that the Court exercise its discretion, pursuant to Fed. R. Civ. P. 41(b), to dismiss this action for failure to comply with a court order and failure to prosecute. (Docket No. 141.) On February 2, 2007, while the Report, Recommendation and Order was pending, Plaintiff moved for summary judgment on his FMLA claim against the Ford Defendants. (Docket No. 149.) For the reasons stated below, the Report, Recommendation and Order is adopted with modification, and Plaintiff's Motion for Summary Judgment is dismissed as moot.

       2.      Judge Schroeder's Report, Recommendation and Order relates to the Ford Defendants' Motion to Compel, filed on September 19, 2006. (Docket No. 136.) Therein, the Ford Defendants sought Plaintiff's compliance with Judge Schroeder's June 8, 2006 Decision and Order, or, alternatively, dismissal of the Amended Complaint in its entirety. The UAW Defendants joined in the Motion to Compel only insofar as it sought to extend the discovery deadlines and deadlines for filing dispositive motions. (Docket No. 138-2,

1

¶ 3.)

3.	Judge Schroeder's June 8, 2006 Decision and Order had granted, in part, a previous motion to compel filed by the Ford Defendants and directed Plaintiff to respond to certain discovery requests no later than June 30, 2006.  Plaintiff was warned that his failure to comply could result in sanctions, including dismissal of his Complaint.  After Plaintiff failed to comply with the June 8, 2006 Decision and Order, the Ford Defendants filed a second Motion to Compel, resulting in the Report, Recommendation and Order now under consideration.

4.	On November 8, 2006, Plaintiff filed Objections to the Report, Recommendation and Order.  (Docket No. 143.)  Plaintiff offered an explanation for his failure to prosecute and stated his intent to fully comply with discovery as directed by Judge Schroeder no later than November 24, 2006.  This Court, accepting Plaintiff's representations, directed that he fully comply with Judge Schroeder's Decision and Order on or before the date he identified, and again warned Plaintiff that his failure to comply could result in dismissal of his Amended Complaint against the Ford Defendants.  (Docket No. 144.)

5.	On December 5, 2006, the Ford Defendants responded to Plaintiff's Objections to the Report, Recommendation and Order.  (Docket No. 145.)  They acknowledged that Plaintiff served a response to Ford's Document Demand and First Set of Interrogatories on November 15, 2006, but stated that the response was incomplete and not in compliance with Judge Schroeder's June 8, 2006 Decision and Order.  The Ford Defendants object primarily, but not exclusively, to Plaintiff's continued refusal to execute authorizations for the release of his medical records from 1998 through the present.

6.  In his June 8, 2006 Decision and Order, Judge Schroeder accepted the Ford Defendants' argument that information regarding Plaintiff's health care providers and health condition is essential to his FMLA claim, as well as his claim for emotional distress damages. Judge Schroeder expressly directed that "plaintiff shall identify any health care provider who examined or treated him for any medical or psychological condition from 1998 to the present" (Docket No. 134 at 7, Interrogatory Nos. 18, 19 & 21) and "shall execute authorizations for release of medical records from 1998 through the present" (*Id*. at 10, Document Demand Nos. 14, 15 and request for medical authorizations).

7.  Plaintiff concedes in his Reply that he did not execute any medical authorizations, but argues that Judge Schroeder's Order directed him to provide authorizations only for treatments related to his emotional health. (Docket No. 146 at 3.) He also contends that he is not required to provide the Ford Defendants with any medical information relating to his FMLA claim other than the Certification of Health Care Provider, Form WH-380, previously provided to them. (*Id*.)

8.  This Court finds no ambiguity in Judge Schroeder's unequivocal direction that Plaintiff identify his health care providers and execute authorizations for all medical records from 1998 to the present. Moreover, Plaintiff made precisely the same FMLA argument to Judge Schroeder, who rejected Plaintiff's reasoning in directing that he execute the medical authorizations. (Docket No. 134 at 10.)

9.  Judge Schroeder recommends that the Amended Complaint be dismissed in its entirety due to Plaintiff's failure to comply with a court order, despite the warning that dismissal could result, and his failure to prosecute. The failure to comply with Judge Schroeder's Decision and Order has been compounded by Plaintiff's failure to provide the

3

requisite discovery in accordance with this Court's grant of additional time in which to do so. Plaintiff has offered no reasonable cause for his failure to comply with the very deadline he suggested.

10. This Court cannot ignore or excuse Plaintiff's repeated refusals to comply with the Court's directives and his own representations relating to the production of discovery to the Ford Defendants. However, there are two groups of Defendants in this case, the Ford Defendants and the UAW Defendants. The UAW Defendants did not join in the Ford Defendants initial Motion to Compel. Although the UAW Defendants did join in the second Motion to Compel, their joinder was for the limited purpose of seeking an extension of time for discovery and dispositive motions. (Docket No. 138-2, ¶ 3.) The UAW Defendants did not seek dismissal of the Amended Complaint and expressly stated that it is the Ford Defendants who cannot proceed to depose Plaintiff without the court-ordered discovery items. (*Id*. ¶ 13.) The UAW Defendants simply delayed the deposition they had noticed because "it would be more efficient for the co-defendants to depose Plaintiff together." (*Id*. ¶ 11.)

11. Because there is no documented failure to comply with a court order or failure to prosecute with respect to the UAW Defendants, this Court adopts Judge Schroeder's Report, Recommendation and Order insofar as it recommends dismissal of all claims against Defendants Ford Motor Company, James Krywalski and Josh Korn (the "Ford Defendants").

12. Plaintiff's most recent (fifth) Motion for Summary Judgment relates only to his FMLA claim against the Ford Defendants. In light of this Court's decision to adopt Judge Schroeder's recommendation to dismiss all claims against the Ford Defendants, the Motion

for Summary Judgment is moot and must be denied.

IT HEREBY IS ORDERED that Judge Schroeder's October 30, 2006 Report, Recommendation and Order (Docket No. 141) is adopted insofar as it recommends dismissal of the Amended Complaint in its entirety as against the Ford Motor Company, James Krywalski and Josh Korn.

FURTHER, that Plaintiff's Motion for Summary Judgment (Docket No. 149) is DENIED as moot.


SO ORDERED.


Dated:     April 17, 2007
           Buffalo, New York

                          /s/William M. Skretny
                         WILLIAM M. SKRETNY
                      United States District Judge