UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TIMOTHY ECKERT,

                              Plaintiff,                  04-CV-0538S(Sr)

v.

UNITED AUTOMOBILE WORKERS, et al.,

                              Defendants.
_____

## DECISION AND ORDER

        This matter was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b), for all pretrial matters, including hearing and disposition of all non-dispositive motions. Dkt. #53.

        Currently before the Court is the plaintiff's motion to compel the deposition of defendants Charles Gangarossa and Scott Adams and the production of the names and addresses of umpires employed by Ford Motor Company for the purpose of settling grievances for the period of 1999 through 2004; to sanction defendants for their failure to comply with discovery obligations; and to extend the Case Management Order to permit completion of discovery. Dkt. #166. For the following reasons, that aspect of the motion seeking to compel and seeking sanctions is denied and that aspect of the motion seeking to extend the Case Management Order is granted.

## BACKGROUND

Plaintiff commenced this action, *pro se*, on July 22, 2004, alleging, *inter alia,* that the defendants acted in concert to interfere with his rights under the Family Medical Leave Act ("FMLA"), National Labor Relations Act ("NLRA"), the New York State Employment Relations Act, the Labor-Management Reporting and Disclosure Act ("LMRDA"), New York State Public Policy, his Collective Bargaining Agreement ("CBA"), the Americans with Disabilities Act ("ADA"), and the New York Human Rights Law ("HRL"), by failing to designate his time off as FMLA leave and terminating him prior to his medical release to return to work. Dkt. #4.

Plaintiff affirms that a representative from defendants' counsel's office advised him on August 17, 2009 that she and the defendants would be available for deposition any day during the week of August 24, 2009 except for August 27, 2009. Dkt. #166, p.6, ¶ 4. Plaintiff affirms that on August 18, 2009, he sent defendants' counsel a letter setting the depositions for August 26, 2009. Dkt. #166, p.6, ¶ 5. Defendants' counsel affirms that she did not receive this letter prior to August 26, 2009 and that she called plaintiff and left him a message suggesting the week of September 21, 2009 for depositions upon her receipt of the letter in late August, 2009. Dkt. #168, ¶¶ 7-8.

On Wednesday, September 16, 2009, plaintiff served a notice setting depositions for Monday, September 21, 2009. Dkt. #166, ¶ 8. On September 18, 2009, defendants' counsel informed plaintiff that she was not available on September 21, 2009. Dkt. #166, p.7, ¶ 9. Defendants' counsel affirms that when she did not hear back from plaintiff after leaving the message at the end of August, she did not hold her calendar

open and did not request that defendants do so either. Dkt. #166, ¶ 10. Defendants' counsel proposed October 8, 2009 for depositions, but plaintiff informed her that he would be filing a motion to compel. Dkt. #166, ¶ 13. Plaintiff affirms that he informed defendants' counsel that he would be forced to file a motion to compel unless defendants committed to a deposition date prior to September 25, 2009, which was the deadline set for completion of fact depositions in the Court's Amended Case Management Order. Dkt. ##164 & 169, ¶ 10.

Defendants' counsel affirms that defendants have previously provided plaintiff with umpire decisions similar to his termination, but notes that the motion to compel pertains to a request contained within the deposition notice directing defendants

> to produce, at the examination, all books, papers, documents, and electronic media in their possession or control concerning this matter. Specifically, defendants are directed to produce the names and addresses of umpires employed for the purpose of resolving grievances between the union and Ford Motor Co. during the period of 1999 through 2004.

Dkt. #165 & Dkt. #168, ¶ 20. Defendants' counsel affirms that, to the extent that defendants posses the names and addresses of umpires and the information is relevant to plaintiff's claims, defendants will provide such information at the deposition. Dkt. #168, ¶ 20.

## DISCUSSION AND ANALYSIS

Rule 30(b)(1) of the Federal Rules of Civil Procedure provides that:

A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address.

Plaintiff's failure to provide written notice of his selection of Monday, September 21, 2009 as the deposition date until Wednesday, September 16, 2009 was not reasonable. Moreover, there is no basis to move to compel production of the names and addresses of umpires employed for the purpose of resolving grievances between the union and Ford Motor Co. during the period of 1999 through 2004 because the condition precedent for such production, *i.e.*, the deposition, has not occurred.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion (Dkt. #166), is **DENIED** in so far as it seeks to compel depositions and seeks sanctions, but is **GRANTED** in so far as it seeks to extend the Case Management Order.

The Case Management Order is amended as follows:

1. The depositions of defendants Charles Gangarossa and Scott Adams shall be completed by **July 16, 2010.**

2. Plaintiff shall identify any expert witnesses who may be used at trial and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by **August 13, 2010.** Defendants shall identify any expert witnesses who may be used at trial and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by **September 10, 2010.**

3. All expert depositions shall be completed no later than **October 22, 2010**.

4. All discovery in this case shall be completed no later than **November 5, 2010**.

5. All applications to resolve discovery disputes shall be filed no later than 30 days before the discovery completion date. In the event of bonafide discovery disputes that cannot be resolved by counsels' good faith efforts (*see generally* Local Rule 37), the parties shall submit, by joint letter, signed by all counsel, a statement of the issue(s) to be resolved by the Court. Each party, within five business days thereafter, shall submit by letter a statement of facts and law it wishes the Court to consider. Original letters shall be filed with the Clerk of the Court, and a courtesy copy shall be provided simultaneously to Chambers. The Court reserves the right to request full briefing by the parties, in which case the Court will so advise the parties.

6. Dispositive motions by all parties shall be filed and served no later than **December 10, 2010**. *See generally* Local Rule 7.1(c); 56. Such motions shall be made returnable before Judge Skretny, or if the Magistrate Judge has <u>dispositive motion jurisdiction</u> in the case, before the Magistrate Judge.

**SO ORDERED.**

DATED: Buffalo, New York
May 27, 2010

    *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**