UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMOTHY ECKERT,

                          **Plaintiff,**                04-CV-0538S(Sr)

v.

**UNITED AUTOMOBILE WORKERS, et al.,**

                          **Defendants.**

---

## ORDER TO SHOW CAUSE

This matter was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b), for all pretrial matters, including hearing and disposition of all non-dispositive motions. Dkt. #53.

Currently before the Court is the motion of defendants United Automobile Workers Local 897, United Automobile International Union, Charles Gangarossa and Scott Adams ("United Auto defendants"), to compel completion of plaintiff's deposition. Dkt. #171.

Plaintiff commenced this action, *pro se*, on July 22, 2004, alleging, *inter alia,* that the defendants acted in concert to interfere with his rights under the Family Medical Leave Act ("FMLA"), National Labor Relations Act ("NLRA"), the New York State Employment Relations Act, the Labor-Management Reporting and Disclosure Act

("LMRDA"), New York State Public Policy, his Collective Bargaining Agreement ("CBA"), the Americans with Disabilities Act ("ADA"), and the New York Human Rights Law ("HRL"), by failing to designate his time off as FMLA leave and terminating him prior to his medical release to return to work. Dkt. #4. By Decision and Order entered September 1, 2005, the Hon. William M. Skretny granted the United Auto defendants' motion for summary judgment with respect to plaintiff's FMLA claim. Dkt. #52. By Decision and Order entered April 18, 2007, the Hon. William M. Skretny adopted this Court's recommendation that plaintiff's complaint be dismissed against defendants Ford Motor Company, James Krywalski and Josh Korn following plaintiff's repeated failure to comply with the Court's Decision and Order compelling plaintiff to respond to certain discovery demands. Dkt. #155.

Counsel for the United Auto defendants represents that on September 22, 2009, plaintiff left his deposition during a break after approximately four hours of questioning. Dkt. #171, ¶ 3. By letter dated June 2, 2010, counsel for the United Auto defendants proposed completion of plaintiff's deposition on July 9, 2010. Dkt. #171-2, p.15. By e-mail dated July 6, 2010, counsel for the United Auto defendants inquired whether plaintiff would be appearing for the continuation of his deposition on July 9, 2010. Dkt. #171-2, p.28. Although plaintiff responded to the e-mail, he did not confirm his attendance and did not appear for the deposition. Dkt. #171-2, p.28.

Plaintiff is directed to either appear for completion of his deposition at a date and time convenient to counsel for the United Auto defendants prior to **December**

**17, 2010**[1] or show cause, in writing, received by the undersigned at 416 U.S. Courthouse, Buffalo, New York no later than **December 17, 2010,** why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Failure to comply with this Order will result in the undersigned recommending dismissal of this action with prejudice.

   **SO ORDERED.**

**DATED:**  **Buffalo, New York**
     **November 16, 2010**

                       s/ H. Kenneth Schroeder, Jr.
                     **H. KENNETH SCHROEDER, JR.**
                     **United States Magistrate Judge**

---

[1] Counsel for the United Auto defendants shall advise the Court whether the plaintiff has complied with the Court's Order by filing of an affidavit in reply to their motion to compel.