UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY ECKERT,

               Plaintiff,

     v.                            **DECISION AND ORDER**

FORD MOTOR COMPANY, et al.,           04-CV-538S

               Defendants.

Plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  (Docket No. 179.)  There is no constitutional right to appointed counsel in civil cases.  However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).

The Court first notes that, while Plaintiff was granted *in forma pauperis* status at the outset of this case, there is no indication that, nearly seven years later, he remains indigent.  Indeed, in his contemporaneously filed Motion for Extension of Time, Plaintiff states that he "is now working a full time job, working between 40 and 60 hours per week." (Docket No. 178 at 2.)  This certainly suggests that Plaintiff is now able to afford counsel and so does not meet the threshold criteria of 28 U.S.C. § 1915(e).

Even were that not the case, it is well-settled that assignment of counsel is within the judge's discretion.  In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

    1.     Whether the indigent's claims seem likely to be of substance;

1

2.      Whether the indigent is able to investigate the crucial facts concerning his claim;

3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.      Whether the legal issues involved are complex;

5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination; and

6.      Whether the indigent has attempted to obtain counsel.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Hendricks, 114 F.3d at 392; Cooper, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

With these considerations in mind, the Court finds that, even assuming Plaintiff's statutory eligibility for appointed counsel, the standard for appointment of counsel has not been met. The Court has reviewed the record to date in light of the factors required by law. The claims remaining in this action are against Defendant UAW only. Plaintiff alleges that

after he was unlawfully terminated from employment, Defendant UAW violated the Americans with Disabilities Act, "NYSERA," National Labor Relations Act, Labor Management Reporting and Disclosure Act, and New York State public policy when it failed to take his grievance to arbitration.   Based on the Court's review, Plaintiff's Motion for Appointment of Counsel is denied without prejudice at this time.   It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.   28 U.S.C. § 1654.

IT HEREBY IS ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 179) is DENIED without prejudice.


SO ORDERED.

Dated: April 27, 2011
    Buffalo, NY

_____s/William M. Skretny_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court
