UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY ECKERT,

                  Plaintiff,

v.                                                  **DECISION AND ORDER**
                                                              04-CV-538S

UNITED AUTOMOBILE WORKERS, *Local Union 897*, ET AL.,

                  Defendants.

On February 28, 2012, this Court entered final judgment in Defendants' favor as it related to pro se Plaintiff Timothy Eckert's various claims under the Family Medical Leave Act, the National Labor Relations Act, the New York State Employment Relations Act, the Labor-Management Reporting and Disclosure Act, New York State Public Policy, his Collective Bargaining Agreement, the Americans with Disabilities Act, and the New York Human Rights Law. (Docket No. 190.) The Second Circuit Court of Appeals subsequently dismissed Plaintiff's appeal, as reflected in its Mandate filed on July 9, 2012. (Docket No. 193.) This case has thus been concluded for more than 12 years.

Nonetheless, on June 10, 2024, Plaintiff filed a pro se motion captioned "Motion Fraud Upon the Court and Motion for Summary Judgment Fed. R. Civ. P. 60 (d)(3)." (Docket No. 194.) This 79-page document challenges the integrity of previous rulings and seeks to relitigate the merits of Plaintiff's long-concluded case. This Court liberally construes the motion as seeking reconsideration and relief under Rules 59 and 60 of the

1

Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied.

A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, at *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

The decision whether to grant or deny a motion to reconsider lies in the court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, at *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire & Cas., 817 F. Supp. 538, 541 (M.D. Pa. 1993)). Motions for reconsideration are not to be used to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, at *1 (N.D.N.Y. Nov. 10, 1994).

Upon consideration of Plaintiff's motion, this Court is not convinced that any of its previous decisions or the final judgment in this case must be revisited. Plaintiff does not persuasively allege any of the three circumstances under which reconsideration may be warranted. See Virgin Atl., 956 F.2d at 1255. Rather, he seeks to relitigate his case on the baseless ground that this Court "crafted narratives inconsistent with and contrary to my pleadings, and then ruled based on those false narratives, perpetrating fraud upon the Court." (Docket No. 194, p. 26.) He also maintains that Defendants lied during the course of the proceedings, thereby committing "fraud upon the court." These contentions are nothing more than unsupported accusations and self-serving views of the record evidence. Plaintiff therefore provides no valid grounds for reconsideration.

Further considering Plaintiff's motion, Rule 59 (e) permits a party to seek reconsideration of a court's judgment, so long as the party files its motion to amend or alter the judgment no later than 28 days after its entry. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Relief can also be granted to "correct a clear error or prevent manifest injustice." Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl., 956 F.2d at 1255). The existence of new evidence may also justify reconsideration. See Virgin Atl., 956 F.2d at 1255. The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise

3

taking a 'second bite at the apple.'" <u>Sequa Corp. v. GBJ Corp.</u>, 156 F.3d 136, 144 (2d Cir. 1998).   The decision to grant a Rule 59 (e) motion is within the sound discretion of the court.   <u>New York v. Holiday Inns, Inc.</u>, No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

Here, Plaintiff's motion fails under Rule 59 (e).   It is not only untimely, but Plaintiff points to no persuasive matters or controlling caselaw that this Court overlooked nor does he demonstrate any clear error or manifest injustice.   Plaintiff simply reiterates and reargues points previously considered and rejected.   The motion under Rule 59 (e) is therefore denied.

Further considering Plaintiff's motion liberally, Rule 60 authorizes a court to grant relief from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59 (b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60 (b).

"A motion under Rule 60 (b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or

4

the date of the proceeding."  Fed. R. Civ. P. 60 (c).  The motion here, which is primarily based on an assertion of fraud 12 years after entry of judgment, is not made within a reasonable time and is plainly untimely as to reasons (1), (2), and (3) under the rule. Nonetheless, it also fails on the merits.

Rule 60 (b) motions are reserved for exceptional circumstances.  See United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).  They are generally disfavored and granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice."  Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Int'l Bhd. of Teamsters, 247 F.3d at 391 ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances").  Such motions are left to the "sound discretion" of the district court.  In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v. Broad. Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

The proponent of a Rule 60 (b) motion bears the burden of proof.  Int'l Bhd. of Teamsters, 247 F.3d at 391.  That party must "(1) support its motion with 'highly convincing' evidence; (2) show good cause for its failure to act sooner; and (3) prove that granting the motion will not impose any undue hardship on the other parties."  Canini v. U.S. DOJ Fed. Bureau of Prisons, No. 04 Civ. 9049, 2008 WL 818696 (S.D.N.Y. Mar. 26, 2008) (citing Kotlicky v. United States Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)); see also Esposito v. New York, No. 07 Civ. 11612, 2010 WL 4261396, at *2 (S.D.N.Y. Oct.

5

25, 2010).  When evaluating Rule 60 (b) motions, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments."  Nemaizer, 793 F.2d at 61.

    Here, Plaintiff simply seeks to relitigate this case.  He suggests that this Court fraudulently mischaracterized his claims, misunderstood the evidence, and made erroneous determinations and rulings.  But this Court carefully considered Plaintiff's arguments and found them unpersuasive.  In doing so, it applied the correct law and adequately explained its reasoning.  While Plaintiff is obviously dissatisfied with the findings and rulings, he has not demonstrated that they were the product of error, mistake, oversight, or fraud.  His motion, considered under Rule 60 (b), must therefore be denied.

    Finally, Plaintiff specifically seeks relief under Rule 60 (d), which empowers courts to set aside a judgment for fraud on the court.  But the asserted fraud consists only of Plaintiff's self-serving characterization of this Court's denial of his claims as fraudulent, and his unsubstantiated claims that Defendants submitted false evidence into the record.  Plaintiff maintains that this Court "express[ed] narratives inconsistent with my pleadings" and "permitted the Defendants to lie and enter perjured testimony into the record, and accepted it as fact."  (Docket No. 194, pp. 25, 26.)  Even assuming that these alleged circumstances could be construed as fraud on the court, they are speculative, conclusory, and unsupported by any competent evidence.  Relief under Rule 60 (d) is therefore denied.

    Accordingly, for all of the reasons stated above, Plaintiff's motion seeking reconsideration and relief from the final judgment is denied.

IT HEREBY IS ORDERED, that Plaintiff's motion (Docket No. 194) is DENIED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED.   See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Plaintiff at his address of record.

SO ORDERED.


Dated:   September 20, 2024
         Buffalo, New York

                                                      s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                      United States District Judge