UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY ECKERT,

                Plaintiff,

v.                                           **DECISION AND ORDER**
                                                    04-CV-538S

UNITED AUTOMOBILE WORKERS, *Local Union 897*, ET AL.,

                Defendants.

On February 28, 2012, this Court entered final judgment in Defendants' favor as it related to pro se Plaintiff Timothy Eckert's various claims under the Family Medical Leave Act, the National Labor Relations Act, the New York State Employment Relations Act, the Labor-Management Reporting and Disclosure Act, New York State Public Policy, his Collective Bargaining Agreement, the Americans with Disabilities Act, and the New York Human Rights Law. (Docket No. 190.) The Second Circuit Court of Appeals subsequently dismissed Plaintiff's appeal, as reflected in its Mandate filed on July 9, 2012. (Docket No. 193.) This case has thus been concluded for more than 12 years.

Nonetheless, on June 10, 2024, Plaintiff filed a pro se motion captioned "Motion Fraud Upon the Court and Motion for Summary Judgment Fed. R. Civ. P. 60 (d)(3)." (Docket No. 194.) This 79-page document challenged the integrity of previous rulings and sought to relitigate the merits of Plaintiff's long-concluded case. After liberally construing the motion as seeking reconsideration and relief under Rules 59 and 60 of the

1

Federal Rules of Civil Procedure, this Court denied it. (Docket No. 195.)

In conjunction with denying Plaintiff's motion, this Court directed that a copy of the decision be sent to Plaintiff at his address of record. Id. The Clerk of Court mailed the decision to Plaintiff, as directed, but that mailing was returned as undeliverable on October 16, 2024. (Docket No. 196.)

Now before this Court are Plaintiff's motions to reopen the time to file an appeal and to expedite consideration of that motion. (Docket Nos. 197, 198.) Plaintiff moves to reopen the time to file an appeal under Rule 4 (a)(6) of the Federal Rules of Appellate Procedure on the basis that he did not timely receive this Court's September 20, 2024 decision. In particular, Plaintiff maintains that the Clerk of Court mailed the decision to an outdated address.

A district court is authorized to reopen the time to file an appeal for a period of 14 days after entry of its order to reopen, if three criteria are met. Fed. R. App. P. 4 (a)(6). First, the court must find that the moving party did not receive notice of the judgment or order sought to be appealed within 21 days of its entry. Fed. R. App. P. 4 (a)(6)(A). Second, the court must find that the motion is filed within 180 days after the judgment or order sought to be appealed or within 14 days after the moving party receives notice of the entry, whichever is earlier. Fed. R. App. P. 4 (a)(6)(B). Third, the court must find that no party would be prejudiced by reopening the time to file an appeal. Fed. R. App. P. 4 (a)(6)(C).

Here, it is apparent from the record that Plaintiff did not receive this Court's previous decision within 21 days of its entry. While Plaintiff correctly notes that he

2

included an updated address in his motion papers filed on June 10, 2024, see Docket No. 194, he did not overtly inform the Clerk of Court of his new address, but rather, listed it on the twenty-seventh page of his seventy-nine page submission, id.  Plaintiff's new address was thus not detected or updated, and this Court's decision was mistakenly sent to his previous address and later returned as undeliverable.  (Docket No. 196.)  Accordingly, this Court finds that Plaintiff did not receive this Court's decision within 21 days of its entry.

This Court further finds that Plaintiff's motion is timely, as it was filed within 14 days of his discovery of this Court's previous decision.  As set forth in Plaintiff's motion, he first became aware of this Court's decision on January 4, 2025.  (Docket No. 197, p. 4.)  He filed the instant motion two days later, on January 6, 2025.  (Docket No. 197.)  The motion is thus timely.  See Fed. R. App. P. 4 (a)(6)(B).

Finally, this Court finds that no party will be prejudiced by reopening Plaintiff's time to file an appeal.

Accordingly, for the reasons stated above, Plaintiff's motion to reopen the time to file an appeal is granted.  The time in which to file an appeal is hereby reopened for a period of 14 days after the entry date of this decision.[1]  Plaintiff's motion to expedite is denied as moot.

---

[1] This Court reiterates its previous certification, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from the September 20, 2024 decision (Docket No. 195) would not be taken in good faith, and it further reiterates its previous rulings that leave to appeal as a poor person and a Certificate of Appealability under 28 U.S.C. § 2253 are denied.  See Docket No. 195.

IT HEREBY IS ORDERED, that Plaintiff's motion to reopen the time to file an appeal (Docket No. 197) is GRANTED.

FURTHER, that Plaintiff's motion to expedite (Docket No. 198) is DENIED AS MOOT.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this Decision and Order to Plaintiff at his address of record.

SO ORDERED.

Dated:  January 21, 2025
        Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge